

NUMBER 13-17-00568-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MICHELLE ELIZABETH MOREHOUSE,                         **Appellant,**

**v.**

THE STATE OF TEXAS,                                       **Appellee.**

### On appeal from the 27th District Court
### of Bell County, Texas.

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Longoria

Appellant Michelle Elizabeth Morehouse pleaded guilty to possession of less than one gram of methamphetamine, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.106(6), 481.115 (West, Westlaw through 2017 1st C.S.). In January of 2017, the trial court placed Morehouse on five years' deferred adjudication community supervision. In April of 2017, the State filed a motion to adjudicate guilt and revoke Morehouse's

community supervision.  Morehouse entered a plea of true, and the trial court sentenced her to two years in state jail.  Morehouse's counsel has filed an *Anders* brief.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  We affirm.

## I. *ANDERS* BRIEF[1]

Morehouse's appellate counsel has filed a motion to withdraw and a brief in support in which he states that he has diligently reviewed the entire record and has found no non-frivolous issues.  *See id.*  Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation of the record showing why there are no arguable grounds for advancing an appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Morehouse's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment.  Morehouse's counsel also informed this Court that he has:  (1) notified Morehouse that he has filed an *Anders* brief and a motion to withdraw, and that he provided Morehouse with copies of both; (2) informed Morehouse of her right to file a pro se response and of her right to review the record preparatory to

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

filing that response; (3) informed Morehouse of her pro se right to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided Morehouse with a form motion for pro se access to the appellate record, lacking only Morehouse's signature.[2] *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate time has passed, and Morehouse has not filed a pro se motion for access to the appellate record or a motion for extension of time to do so or a pro se brief.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Morehouse's appellate counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744: *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.)

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this opinion, counsel is ordered to send a copy of the opinion and judgment to Morehouse and to advise her of her right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV. CONCLUSION

We affirm the trial court's judgment.[4]

NORA L. LONGORIA<br>
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of August, 2018.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see id.* R 68.3, and should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

[4] Morehouse filed a one-page letter with this Court requesting that she be placed on shock probation. However, this issue was never raised before the trial court during the motion to adjudicate or during the sentencing. Morehouse pleaded true to all the State's allegations and raised no objections to the trial court's declaration of the sentence imposed. Therefore, we find Morehouse waived any appellate review of this matter. TEX. R. APP. P. 33.1(a).